UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No.: 2:24-cv-00767-APG-NJK |
| Plaintiff | **Order (1) Denying Plaintiff's Motions for Summary Judgment and (2) Denying Defendants' Rule 56(d) Motion** |
| v. | |
| PATRICK MAEDA, et al., | [ECF Nos. 17, 20, 23] |
| Defendants | |

John Turner moves for summary judgment on his claim that the defendants have denied him access to the court. ECF Nos. 17, 20. The defendants respond that the motion is premature and move for discovery under Federal Rule of Civil Procedure 56(d). I deny all three motions.

**I.  Defendants' Rule 56(d) Motion.**

Rule 56(d) allows me to deny or defer considering a motion for summary judgment in appropriate circumstances. "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, the declaration attached to the defendants' motion does not specify facts the defendants hope to elicit from discovery or that the sought-after facts exist and are essential. It states simply that the "[d]efendants will necessarily need to conduct discovery into various

aspects of Turner's claims, including propounding written discovery to Turner and interviewing various witnesses." ECF No. 23 at 8.  Because the defendants have not met their burden under Rule 56(d), I deny their motion.

## II. Turner's Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Turner's motion provides his version of very few facts, and no legal authority to support it. ECF Nos. 17, 20.  He alleges he requested to see the prison law librarian but no one showed up, he asked for documents to be copied but none were copied, his legal mail was opened, and

the prison staff did not send his documents to the court. *Id.* at 2-3. The defendants respond that they need to conduct discovery on these allegations.

From the face of the motion, it is obvious that genuine issues of material fact exist at this time. No discovery has been conducted and the defendants have not responded to the complaint. "Motions for summary judgment are frequently considered premature and denied when discovery has not been completed." *Gardner v. Clark*, No. C22-1589-RAJ, 2024 WL 278930, at *1 (W.D. Wash. Jan. 25, 2024) (cleaned up). *Cf. Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773–74 (9th Cir. 2003) ("Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should" allow discovery to proceed.).

I THEREFORE ORDER that the Government's Rule 56(d) motion **(ECF No. 23) is denied.**

I FURTHER ORDER that Turner's motions for summary judgment **(ECF Nos. 17, 20) are denied** without prejudice as premature.

DATED this 7th day of February, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE