UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN TURNER,

    Plaintiff(s),

v.

PATRICK MAEDA, et al.,

    Defendant(s).

Case No. 2:24-cv-00767-APG-NJK

**REPORT AND RECOMMENDATION**

Pending before the Court is an order for Plaintiff to show cause why his *in forma pauperis* status should not be revoked and his case dismissed unless he pays the full $405.00 filing fee. Docket No. 33. Plaintiff filed a response. Docket No. 34.[1]

**I.   BACKGROUND**

Plaintiff John Turner, who is in the custody of the Nevada Department of Corrections (NDOC), brought a civil rights complaint under 42 U.S.C. § 1983 and is proceeding in this case *in forma pauperis*. The Court screened Plaintiff's amended complaint,[2] finding that three claims could proceed: (1) a First Amendment and Fourteenth Amendment denial of access to the courts claim against Defendant Cook, arising out of allegations that Cook failed to send legal filings to the court, *see* Docket No. 9 at 5-6, 10; (2) a Fourteenth Amendment disciplinary hearing claim against Defendants Fontes, Bean, and Johnson, arising out of allegations that Plaintiff was precluded from calling a witness and "bullied" during a disciplinary hearing, *id.* at 6-7, 10; and (3) an Eighth Amendment failure to protect claim against Defendant Cullen, arising out of allegations that Cullen had placed Plaintiff with a violent cellmate who later attacked him, *id.*, 7-8, 10. All other defendants and claims were dismissed, including Plaintiff's retaliation claim alleging that Defendant Fontes placed Plaintiff with a "hostile" cellmate. *See, e.g.*, *id.* at 8-9.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] The initial complaint was rejected as illegible. Docket No. 6 at 4.

1

On at least six prior occasions, this Court and the Ninth Circuit have dismissed civil actions or appeals commenced by Turner while in detention as frivolous or for failure to state a claim upon which relief may be granted. *See Turner v. Self-Help Center*, Case 2:13-cv-01954-MMD-GWF, Docket No. 6 (D. Nev. Jan. 9, 2014) (dismissal for failure to state a claim); *Turner v. Clark County Detention Center*, Case 2:13-cv-02117-JAD-PAL, Docket No. 4 (D. Nev. Jan. 10, 2014) (dismissal for failure to state a claim and as frivolous); *id.*, Docket No. 19 (Ninth Circuit order that appeal is frivolous); *Turner v. HDSP*, Case 2:13-cv-01752-GMN-NJK, Docket No. 8 (D. Nev. Jan. 13, 2014) (dismissal as frivolous); *Turner v. Law Library*, Case 2:14-cv-00163-JAD-GWF, Docket No. 11 (D. Nev. Apr. 21, 2014) (dismissal for failure to state a claim); *id.*, Docket No. 26 (Ninth Circuit order that appeal is frivolous).

## II.     STANDARDS

If a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay the full $405.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[3]

The imminent danger exception "functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger [of serious physical injury] stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). To satisfy this provision, the complaint must include plausible allegations of imminent danger. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The imminent danger exception requires a prisoner to allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). A plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (quoting *Martin v. Shelton*, 319 F.3d 1048,

---

[3] Imminent danger is judged based on the circumstances at the time the complaint was filed, *see Andrews*, 493 F.3d at 1056, and the analysis is generally conducted during the screening process. Nonetheless, the Court may also revoke *in forma pauperis* status on this ground at any time. *See, e.g.*, *Jones v. Kalinjia*, 2024 WL 3951988, at *1 & n.3 (C.D. Cal. Mar. 5, 2024) (collecting cases), *adopted*, 2024 WL 3952551 (C.D. Cal. Aug. 26, 2024).

1050 (8th Cir. 2003)). The imminent danger exception is available "for genuine emergencies" in which "time is pressing" and "a threat . . . is real and proximate." *Farnsworth v. Furst*, 2024 WL 2302467, at *1 (W.D. Wash. May 20, 2024) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). The exception to Section 1915(g) "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams,* 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021); *see also Heizelman v. Biden*, 2025 WL 1029377, at *2 (E.D. Cal. Feb. 11, 2025) (collecting cases), *adopted*, 2025 WL 715841 (E.D. Cal. Mar. 6, 2025).

### III. ANALYSIS

In responding to the pending order to show cause, Plaintiff contends that imminent danger exists to bypass the three-strikes rule. Plaintiff asserts that, on January 8, 2024,[4] Defendant Fontes moved Plaintiff out of a preferred position and cell into a new unit. *See* Docket No. 34 at 1.[5] Plaintiff contends that he has since been "housed with dangerous troublemakers," who have taunted other inmates for engaging in conduct similar to Plaintiff's earlier conduct. *Id.* Plaintiff also acknowledges that he has not been subject to violence since June 24, 2023. *Id.*[6]

---

[4] Plaintiff's handwriting is difficult to read. The summarizing of Plaintiff's positions is based on the undersigned's best efforts to discern his statements.

[5] There must be a nexus between the imminent danger and the claims in the case, so a three-strikes plaintiff must show that (1) the imminent danger is fairly traceable to the unlawful conduct asserted in the complaint and (2) a favorable outcome would redress that injury. *Ray*, 31 F.4th at 701 (discussing *Pettus v. Moregenthau*, 554 F.3d 293, 298-99 (2nd Cir. 2009)). The undersigned notes at the outset that Plaintiff's assertion of imminent danger appears to relate to the now-dismissed retaliation claim against Defendant Fontes and appears to lack a nexus to the three claims that actually survived screening. Such a scenario could present thorny procedural issues. *Cf. Rios v. Amicar*, 2025 WL 354417, at *2 (D. Nev. Jan. 30, 2024) (Gordon, C.J.) (explaining that courts should not allow three-strikes plaintiffs to circumvent the rule by lumping together disparate claims in a single lawsuit); *Wilson v. Merritt*, 2024 WL 3842103, at *8 (E.D. Cal. Aug. 16, 2024) (addressing revocation of *in forma pauperis* status based on dismissal of the claim with the nexus to the stated danger), *adopted*, 2024 WL 4607681, at *1 (E.D. Cal. Oct. 29, 2024). In light of the threshold finding herein that imminent danger has not been shown, however, the Court need not venture down that path.

[6] In assessing imminent danger, the Court looks to the allegations in the complaint. *See Andrews*, 493 F.3d at 1055. The allegations in the complaint track largely with Plaintiff's assertions in responding to the order to show cause. Plaintiff had alleged past violence predating this case by many months, *see* Docket No. 8 at 5 (alleging attack on June 24, 2023). Plaintiff also alleged that Defendant Fontes later placed him in a cell with a "hostile" Mexican inmate. *See* Docket No. 8 at 7. Plaintiff alleged that the circumstance was threatening to his safety and that he feared being attacked. *See id.* Plaintiff asks for a court order to move him to a single cell until his eventual release from prison. *See id.*

3

Plaintiff has not established imminent danger to avoid the three-strikes rule. Although Plaintiff alleges past violence, the alleged violence took place well before this case was filed. Moreover, while Plaintiff alleges another housing transfer in closer temporal proximity, he has not alleged specific facts of either ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Instead, Plaintiff's allegations are predicated on a fear of future violence based on conclusory assertions that he finds his current cellmate to be "hostile." Such generalized fears do not suffice to establish specific, imminent danger.

### IV. CONCLUSION

In light of the above, the undersigned **RECOMMENDS**[7] that Plaintiff's *in forma pauperis* status be revoked and that Plaintiff be required to pay the full filing fee of $405.

Dated: May 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[7] Revoking *in forma pauperis* status is a dispositive matter beyond a magistrate judge's authority. *Cf. Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988). As such, the undersigned issues this report and recommendation to the assigned district judge.